UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANA CATALANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1129SNL |
| ) | |
| THE JOSEPHINE C. CATALANO TRUST ) | |
| and J. DENIS CATALANO, Trustee of THE ) | |
| JOSEPHINE C. CATALANO TRUST, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed this diversity state law claim of quantum meruit for unjust enrichment seeking monetary damages for services rendered to decedent Josephine C. Catalano. She seeks her damages from the Josephine C. Catalano Trust. This matter is before the Court on the defendants' motion to dismiss (#2), filed September 22, 2006. As of today's date, plaintiff has failed to file a response.

Defendants aver that the validity, administration and ultimate disposition of the Josephine C. Catalano Trust is currently being litigated in the Circuit Court for Shelby County, Alabama. *See*, Defendants' Exhibits A and B. Defendants contend that this Court lacks subject matter jurisdiction to adjudicate any claim against a trust which is part of the administration of an estate. A federal court may not adjudicate controversies relating to the validity of a trust if so doing would interfere with probate proceedings, or would cause the Court to assume general administration of the estate. *See*, Sianis v. Jensen, 204 F.3d. 994, 997 (8th Cir. 2002); Lancaster v. Merchants Nat'l Bank, 961 F.2d. 713, 715 (8th Cir. 1992). Defendants further contend that since jurisdiction has already attached in the state court in Alabama regarding the validity,

administration, and ultimate disposition of the Josephine C. Catalano Trust, this federal court is precluded from exercising its jurisdiction over the same matter; i.e., the doctrine of abatement precludes a federal court from defeating or interfering with the prior attached jurisdiction of a state court over the same res. *See*, Kline v. Burke Construction Co., 260 U.S. 226, 229 (1922); Marshall v. Marshall, - U.S. -, 126 S.Ct. 1735, 1748 (2006). Finally, defendants contend that plaintiff's claim is actually a claim for personal services which should be brought as a creditor claim against decedent Catalano's estate, and not the Trust. Defendants note that plaintiff should be seeking relief in the Probate Court of Shelby County, Alabama where decedent Catalano's estate is currently being probated.

On September 29, 2006 plaintiff sought and received an extension of time to October 9, 2006 in which to respond to the instant motion. Document #4; Document Text Order, dated October 2, 2006. On October 10, 2006 plaintiff sought and received a second extension of time to October 16, 2006 in which to respond to the instant motion. Document #5; Document Text Order, dated October 11, 2006. On October 16, 2006 plaintiff, in lieu of filing any substantive response to the instant motion challenging any facts asserted or legal arguments made by the defendants, filed a motion for leave to file a first amended complaint (#6). This proposed first amended complaint simply adds an additional state law claim against J. Denis Catalano for tortious interference with a business relationship.

After careful consideration of the matter, and review of the pleadings and relevant caselaw, the Court will grant the motion to dismiss for the grounds stated within the instant motion. Plaintiff has failed to dispute in any manner the material facts as set forth in the response nor the legal arguments made in support of dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss (#2) be and is **GRANTED**. This cause of action is **DISMISSED WITH PREJUDICE IN ITS ENTIRETY** with no further action to be taken.

Dated this   31st   day of October, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE